25CA1260 Peo in Interest of ANR 12-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1260
Arapahoe County District Court No. 24JV204
Honorable Bonnie H. McLean, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.N.R., a Child,

and Concerning R.L.R., SR.,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE KUHN
Dunn and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

---

Ron Carl, County Attorney, Kiley Schaumeleffel, Assistant County Attorney, Aurora, Colorado, for Appellee

Sheena Knight, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1    In this dependency and neglect proceeding, R.L.R., Sr. (father) appeals the judgment terminating his parent-child legal relationship with A.N.R. (the child).  We affirm.

## I.    Background

¶ 2    The Arapahoe County Department of Human Services filed a petition in dependency or neglect alleging that the child was born substance exposed.  The juvenile court granted temporary custody of the child to the Department for placement in foster care.  Seven months later, the Department transferred placement to a kinship provider, who was caring for two of the child's siblings and with whom the child stayed for the remainder of the case.[1]

¶ 3    The juvenile court adjudicated the child dependent and neglected and adopted a treatment plan for father.  The Department later moved to terminate father's parental rights.  A year after the petition was filed, the juvenile court granted the motion and terminated father's legal relationship with the child.

---

[1] The kinship provider is the biological aunt of one of the child's siblings.

II.    Analysis

¶ 4      Father's sole contention on appeal is that the juvenile court erred by finding that there was no less drastic alternative to termination.  We disagree.

A.    Applicable Law and Standard of Review

¶ 5      A juvenile court may terminate parental rights if it finds, by clear and convincing evidence, that (1) the child was adjudicated dependent and neglected; (2) the parent has not complied with an appropriate, court-approved treatment plan or the plan was not successful; (3) the parent is unfit; and (4) the parent's conduct or condition is unlikely to change in a reasonable time. § 19-3-604(1)(c), C.R.S. 2025.  Implicit in these criteria is the requirement that the juvenile court consider and eliminate less drastic alternatives to termination.  *People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 19.  In considering less drastic alternatives, a court must give primary consideration to the child's physical, mental, and emotional conditions and needs.  § 19-3-604(3).

¶ 6      A juvenile court may consider and weigh various factors in determining the availability of a less drastic alternative, including (1) any benefit or detriment to the child of an ongoing relationship

with the parent, *People in Interest of B.H.*, 2021 CO 39, ¶ 81; (2) whether an allocation of parental responsibilities (APR) would adequately meet the child's need for permanence and other needs, *People in Interest of T.E.M.*, 124 P.3d 905, 910 (Colo. App. 2005); and (3) the placement's preference for adoption over an APR, *People in Interest of Z.M.*, 2020 COA 3M, ¶ 31.

¶ 7 For a less drastic alternative to be viable, it must do more than "adequately" meet a child's needs; rather, it must be in the child's best interests. *A.M.*, ¶ 27. Therefore, if the juvenile court considers a less drastic alternative but finds instead that termination is in the child's best interests, it must reject the less drastic alternative and order termination. *Id.* at ¶ 32.

¶ 8 "We review a juvenile court's less drastic alternatives findings for clear error." *People in Interest of E.W.*, 2022 COA 12, ¶ 34, *aff'd sub nom.*, *R.W. v. People in Interest of E.W.*, 2022 CO 51. Accordingly, when a juvenile court considers a less drastic alternative but instead finds that termination is in the child's best interests, we are bound to affirm the court's decision so long as the record supports its findings. *B.H.*, ¶ 80.

### B.     The Court's Less Drastic Alternatives
### Finding Is Not Clearly Erroneous

¶ 9    The juvenile court found that there was no less drastic alternative to termination that would meet the child's physical, emotional, and mental health needs.  It also found that an APR was not appropriate for the child.  In so finding, the court considered the child's young age, need for permanency, placement in a home with her siblings, and father's lack of "meaningful" participation in family time.

¶ 10    The record supports the juvenile court's findings.  The caseworker, qualified as an expert in casework with an emphasis in child protection, testified that the child needed permanency.  Based on father's lack of consistent contact with the child, the caseworker expressed concern about his ability to bond with the child.  In the eight months before the termination hearing, father had only seen the child three times — once in person and twice virtually.  And he had not seen her at all in the three months leading up to the hearing.  Thus, the caseworker opined, father had not sufficiently interacted with the child to build an attachment with her or demonstrate nurturing behaviors.  Ultimately, the caseworker

testified that, in her view, an APR would not be appropriate for this child and adoption was in the child's best interest.

¶ 11    Father's arguments do not convince us that the juvenile court's less drastic alternatives findings were clearly erroneous. Father asserts that an APR to the kinship provider was in the child's best interest because (1) his visits with the child were positive; (2) an APR would preserve family ties; (3) the kinship provider supported his continued relationship with the child; and (4) there was no evidence that the kinship provider would refuse an APR. To be sure, a juvenile court can consider these factors when deciding if there is a viable less drastic alternative to termination. *See, e.g.*, *People in Interest of N.D.V.*, 224 P.3d 410, 421 (Colo. App. 2009). But they are just some of the relevant factors a court may consider when deciding whether a less drastic alternative is in the child's best interests. *See People in Interest of A.R.*, 2012 COA 195M, ¶ 38 (noting that the court "may consider various factors" in its analysis of less drastic alternatives). In this case, the court considered, and rejected, an APR based on father's unfitness, lack of relationship with the child, and the child's need for permanency. It is not our role to reweigh the evidence or substitute our judgment

to reach a different conclusion.  *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29.  And because the record supports the court's less drastic alternatives finding, we are bound to affirm it.  *See B.H.*, ¶ 80.

## III.  Disposition

¶ 12  The judgment is affirmed.

JUDGE DUNN and JUDGE LIPINSKY concur.